IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| BISSELL HOMECARE, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Dyson, Inc. ("Dyson"), by its undersigned counsel, as and for its complaint against defendant Bissell Homecare, Inc. ("Bissell"), alleges on knowledge as to itself and upon information and belief as to all other matters as follows:

### Parties

1. Dyson is a corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Since 2002, Dyson has sold Dyson-branded vacuum cleaner products in this Judicial District and throughout the United States.

2. Upon information and belief, Bissell is a corporation organized under the laws of Michigan with its principal place of business in Grand Rapids, Michigan. Bissell also sells branded vacuum cleaner products in this Judicial District and throughout the United States.

### Jurisdiction and Venue

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

## The Patents

5. U.S. Patent No. 6,344,064 (the "'064 Patent") entitled "Method and Apparatus of Particle Transfer in Multi-Stage Particle Separators" was filed on June 16, 2000 and was issued on February 5, 2002. A Certificate of Correction was issued for '064 Patent on October 7, 2008. The inventor named on the '064 Patent is Wayne Ernest Conrad. A copy of the '064 Patent is attached as Exhibit A.

6. U.S. Patent No. 6,582,489 (the "'489 Patent") entitled "Method and Apparatus of Particle Transfer in Multi-Stage Particle Separators" was filed on December 20, 2001 and was issued on June 24, 2003. The inventor named on the '489 Patent is Wayne Ernest Conrad. A copy of the '489 Patent is attached as Exhibit B.

7. U.S. Patent No. 7,247,181 (the "'181 Patent", together with the '064 Patent and the '489 Patent, the "Patents") entitled "Cyclonic Dirt Separation Module" was filed on November 23, 2004 and was issued on July 24, 2007. The inventors named on the '181 Patent are Samuel N. Hansen, Gary L. Smith, Eric R. Metzger, and David E. McDowell. A copy of the '181 Patent is attached as Exhibit C.

8. On information and belief, Bissell owns the '064, '489, and '181 Patents and has the right to sue for infringement.

## Background

9. In or about April of 2008, Bissell approached Dyson stating that it wished to discuss issues relating to certain patents owned by Bissell. On May 5, 2008, Bissell identified those patents, among them the three Patents, and stated that Bissell was willing to offer Dyson a license under those patents.

10.    Dyson and Bissell met on June 18 and August 27, 2008. During these meetings, Bissell alleged that Dyson's products fell within the claims of the Patents. Dyson and Bissell discussed the Patents' claim coverage of Dyson products and the invalidity of the claims of the Patents. Bissell stated that the value of its claim against Dyson was worth tens of millions of dollars, but that it wanted a cross-license under certain patents, which patents are owned by Dyson Technology Limited, a sister company of Dyson. Bissell threatened the prospect of litigation against Dyson if Dyson were to refuse to grant Bissell a cross-license.

11.    Dyson believes that it has not infringed any valid claim of the Patents and will not grant Bissell the license and/or cross-license which Bissell seeks. Dyson has continued and is continuing to use, sell, offer for sale, and import its products.

12.    Dyson has a reasonable apprehension that Bissell will file a patent infringement action against Dyson for infringement of the Patents if Dyson continues to use, sell, offer for sale, or import its products. In addition to the claims Bissell has asserted directly against Dyson, Dyson's apprehension also is based in part on Bissell's filing of patent infringement claims against a third party.

13.    Based on the totality of circumstances as recited in paragraphs 9 through 12, as well as Dyson's reasonable apprehension of being sued by Bissell as recited in paragraph 12, a valid and justiciable controversy has arisen and exists between Dyson and Bissell within the meaning of 28 U.S.C. § 2201.

**Count I**
**(Declaratory Judgment Action for a Declaration of**
**Noninfringement and Invalidity of U.S. Patent No. 6,344,064)**

14.    Paragraphs 1 through 13 are incorporated by reference as if stated fully herein.

15. As to each claim of the '064 Patent, Dyson's use, sale, offer for sale, or importation of its products has not infringed, and will not in the future infringe, that claim, either literally, under the doctrine of equivalents, or in any other manner and/or that claim is void and invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Count II
### (Declaratory Judgment Action for a Declaration of Noninfringement and Invalidity of U.S. Patent No. 6,582,489)

16. Paragraphs 1 through 15 are incorporated by reference as if stated fully herein.

17. As to each claim of the '489 Patent, Dyson's use, sale, offer for sale, or importation of its products has not infringed, and will not in the future infringe, that claim, either literally, under the doctrine of equivalents, or in any other manner and/or that claim is void and invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

### Count III
### (Declaratory Judgment Action for a Declaration of Noninfringement and Invalidity of U.S. Patent No. 7,247,181)

18. Paragraphs 1 through 17 are incorporated by reference as if stated fully herein.

19. As to each claim of the '181 Patent, Dyson's use, sale, offer for sale, or importation of its products has not infringed, and will not in the future infringe, that claim, either literally, under the doctrine of equivalents, or in any other manner and/or that claim is void and invalid for failure to comply with the requirements of the patent laws of the United States, 35

- 5 -

U.S.C. § 1 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

## Prayer for Relief

WHEREFORE, Dyson prays for judgment as follows:

A. That it be declared that Dyson has not directly or indirectly infringed any claims of U.S. Patent Nos. 6,344,064, 6,582,489, and 7,247,181 under any subsection of 35 U.S.C. § 271;

B. That it be declared that U.S. Patent Nos. 6,344,064, 6,582,489, and 7,247,181 are invalid;

C. That it be found that this is an exceptional case under 35 U.S.C. § 285 and that Dyson be awarded its reasonable attorneys' fees and costs and disbursements in this action; and

D. That Dyson be awarded such other and further relief as the Court deems just and proper.

### Jury Demand

Dyson demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
Megan C. Haney (No. 5016)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
302.571.6600
jshaw@ycst.com

*Attorneys for Plaintiff*

OF COUNSEL:
Garrard R. Beeney
James T. Williams
Vincent Y. Liu
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
212.558.4000

Dated: October 14, 2008